JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD VILLEGAS, SR.,<br><br>            Plaintiff,<br><br>   vs.<br><br>DAVID MARTINEZ, VALERIE MARTINEZ, and DOES 1 through 10,<br><br>            Defendants. | CASE NO. CV 15-00185-MMM (MANx)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

    The Court remands this unlawful detainer action to the state court summarily, because it was removed improperly.

    On January 9, 2015, David E. Martinez ("Defendant") filed a Notice of Removal of an unlawful detainer action commenced by a complaint filed against him on October 22, 2014 (the "Complaint"), in Los Angeles Superior Court Case No. 14U13690. Defendant also presented an application to proceed *in forma pauperis*. The Complaint alleges what appears to be a routine state law unlawful detainer claim against Defendant (the "Unlawful Detainer Action"). The Court has denied the *in forma pauperis* applications under separate cover, because the Unlawful Detainer Action was not properly removed. To prevent the Unlawful Detainer Action from remaining in jurisdictional limbo, the Court issues this

1  Order to remand the action to the state court.

3  Defendant alleges that the Complaint is removable, because this Court has original
4  jurisdiction over the Unlawful Detainer Action pursuant to 28 U.S.C. § 1443(1). Defendant
5  alleges that Section 1443(1) jurisdiction exists, because he is being deprived of due process
6  by the manner in which the Unlawful Detainer Action is being litigated. Defendant
7  complains that plaintiff and his attorney are not complying with California's Code of Civil
8  Procedure and Evidence Code and that plaintiff's attorney has used counsel's legal
9  knowledge to prevent Defendant from fully and accurately presenting his case. Defendant
10 also complains that California's evidentiary rules prevent him from proffering evidence
11 that is unauthenticated and not based on his personal knowledge. Defendant asserts that,
12 therefore, he is being denied due process and equal protection in the Unlawful Detainer
13 Action.

15  A petition for removal under § 1443(1) must satisfy the two-part test
16  articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788–92,
17  794–804, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966) and *City of Greenwood, Miss.*
18  *v. Peacock*, 384 U.S. 808, 824–28, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966).
19  "First, the petitioners must assert, as a defense to the prosecution, rights that
20  are given to them by explicit statutory enactment protecting equal racial civil
21  rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir.1970). "Second,
22  petitioners must assert that the state courts will not enforce that right, and that
23  allegation must be supported by reference to a state statute or a constitutional
24  provision that purports to command the state courts to ignore the federal
25  rights." *Id.*

27 Patel v. Del Taco, Inc. 446 F.3d 996, 998-99 (9th Cir. 2006).

Neither part of this test is satisfied by Defendant's allegations. He does not contend that he is being deprived of racial equality by the matters he alleges. Nor does Defendant point to any formal expression of state law that prohibits him from enforcing his civil right to racial equality in state court or which suggests that the state court would not enforce this right in the Unlawful Detainer Action. Accordingly, the Court lacks original jurisdiction over the Unlawful Detainer Action pursuant to Section 1443(1). No other basis for federal question jurisdiction is apparent on the face of the Complaint.[1]

Defendant does not, and could not, contend that diversity jurisdiction exists. The Complaint shows that the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. Indeed, the Complaint expressly alleges that the amount demanded "does not exceed $10,000." Thus, diversity jurisdiction is also lacking. *See* 28 U.S.C. § 1332(a).

The Complaint does not allege any basis for federal subject-matter jurisdiction, and thus, there is no basis for concluding that the Unlawful Detainer Action could have been brought in federal court in the first place. Therefore, removal was improper. 28 U.S.C. § 1441; *see* Exxon Mobil Corp v. Allapattah Svcs., Inc., 545 U.S. 546, 563, 125 S.Ct. 2611 (2005).

---

[1] The Complaint presents a routine state law unlawful detainer action and does not raise any federal question or issue. Defendant's assertion that he is being deprived of due process and equal protection by reason of the enforcement of California's civil procedure and evidence statutes raises, at most, a federal defense. To remove a case based upon federal question jurisdiction, however, the federal issue or claim must arise in the underlying complaint which the defendant seeks to remove. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808, 106 S. Ct. 3229 (1986) ("the question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint,' and "the question for removal jurisdiction must" be determined based upon the complaint's allegations). "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Id.* Defendant's allegations do not confer federal question jurisdiction over the Unlawful Detainer Action.

1  Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior
2  Court of California, Los Angeles County, Stanley Mosk Courthouse, 111 Hill Street, Rm
3  102, Los Angeles, 90012, for lack of subject-matter jurisdiction pursuant to 28 U.S.C.
4  § 1447(c); (2) the Clerk shall send a certified copy of this Order to the state court; and (3)
5  the Clerk shall serve copies of this Order on the parties.
6  IT IS SO ORDERED.

8  DATED: January 15, 2015

   _____
   MARGARET M. MORROW
   UNITED STATES DISTRICT JUDGE